# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**TRACY BROWNELL,**
**Claimant Below, Petitioner**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-227**          (JCN: 2014022066)

**GREENBRIER VETERINARY HOSPITAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tracy Brownell appeals the May 11, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Greenbrier Veterinary Hospital ("GVH") filed a response.[1] Ms. Brownell did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied authorization for a referral to Eric Marvin, D.O., a neurosurgeon.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

Ms. Brownell suffered a back injury on September 6, 2013, while employed as a dog groomer for GVH. On December 3, 2013, the claim administrator issued an order holding the claim compensable for lumbar sprain and lumbar radiculopathy. The claim administrator initially denied the addition of left L5-S1 herniated disc and broad-based disc bulging at L3-L4 and L4-L5 as compensable conditions in the claim. On May 3, 2016, the Office of Judges ("OOJ") reversed the claim administrator and added left L5-S1 herniated disc and broad-based disc bulging at L3-L4 and L4-L5 as compensable conditions of the claim. On September 27, 2016, the Board affirmed the OOJ's order.

On December 23, 2014, Ms. Brownell was seen by Matthew Walker, M.D. He noted that Ms. Brownell was unable to have epidural steroid injections due to having Cushing's

---

[1] Ms. Brownell is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. GVH is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

1

Disease. Dr. Walker opined that Ms. Brownell was not a surgical candidate at the time because of her weight and recommended that she be referred to a pain clinic for evaluation and a possible spinal cord stimulator. On March 6, 2018, Dr. Walker indicated that Ms. Brownell's lower back pain and the numbness in her lower extremities had significantly worsened. Dr. Walker noted that she had undergone a sleeve gastrectomy and had lost around 130 pounds and she was in the process of getting approval for gastric bypass. Dr. Walker further noted that Ms. Brownell had tried conservative measures including pain medication, physical therapy, spine injections, and a pain clinic evaluation, which did not offer any symptom relief. Dr. Walker recommended that Ms. Brownell proceed with the gastric bypass prior to proceeding with any surgical intervention for her spine.

Ms. Brownell began seeing Rida Mazagri, M.D., a neurosurgeon, on August 1, 2018. Ms. Brownell decided to try a weight loss program prior to surgery and agreed that she could be reassessed at a later time. On December 12, 2018, Ms. Brownell was seen by her primary care provider, Suzanne Spooner, APRN. Ms. Brownell indicated that she preferred to wait and see if losing more weight would help her symptoms before opting for surgery and Ms. Spooner believed that to be a reasonable plan. On April 17, 2019, Ms. Spooner indicated that Ms. Brownell's symptoms were worsening. Ms. Spooner recommended a new MRI.

On November 23, 2019, Ms. Brownell underwent an MRI, revealing focal severe central canal stenosis at the L4-L5 level secondary to posterior disc protrusion and adjacent ligamentum flavum, bilateral neuroforaminal stenosis at the L4-L5 level, facet hypertrophy, and moderate central canal narrowing at the L2-L3 and L3-L4 levels, secondary to facet hypertrophy and annular disc bulges. On December 4, 2019, Dr. Mazagri, indicated that he could perform a lumbar laminectomy, lateral recess decompression, and foraminotomy at L4-L5, including fusion.

Ms. Brownell was evaluated by David Soulsby, M.D., who authored a report dated November 17, 2020. Dr. Soulsby diagnosed Ms. Brownell with lumbar sprain/strain, degenerative disc disease, lumbar spinal stenosis, and herniated disc at L4-L5. Dr. Soulsby noted that Ms. Brownell's lumbar spondylosis was degenerative and not related to her compensable injury. Dr. Soulsby opined that Ms. Brownell was at maximum medical improvement ("MMI") for her compensable injury.

On August 4, 2022, Dr. Mazagri noted Ms. Brownell's worsening condition. He recommended surgery but indicated that Ms. Brownell did not want to proceed at that time, Dr. Mazagri also noted that he planned to be out of the country for a year and stated that another surgeon would have to perform the surgery if Ms. Brownell chose to have it prior to his return.

Ms. Brownell requested authorization for a referral to Eric Marvin, D.O., a neurosurgeon, on August 11, 2022. On August 19, 2022, the claim administrator issued an

order denying authorization for a referral to Dr. Marvin, based on Dr. Soulsby's report finding that Ms. Brownell had reached MMI and because the requested treatment was for a noncompensable condition, L4-L5 disc herniation. Ms. Brownell protested the denial to The Encova Select Grievance Board, which reviewed the denial and recommended that it be affirmed on September 15, 2022. On September 15, 2022, the claim administrator issued an order affirming its denial of authorization for a referral to Dr. Marvin. Ms. Brownell protested this order.

On December 8, 2022, Ms. Brownell was seen by Dr. Marvin to discuss treatment options. Dr. Marvin noted that the MRI performed on the same day revealed degenerative changes, and stenosis at L4-L5 due to listhesis, herniated nucleus pulposus, and severe facet arthropathy. Dr. Marvin recommended that Ms. Brownell undergo an L4-L5 transforaminal lumbar interbody fusion and posterior lumbar interbody fusion.

Ms. Brownell was deposed on January 17, 2023. She testified that Dr. Mazagri advised her that surgery was the only remaining treatment option. She indicated that Dr. Mazagri only gave her about two weeks' notice of that he was going out of the country and that she wanted longer to consider the surgery. Ms. Brownell testified that when she requested authorization from the claim administrator to see Dr. Marvin her request was denied. She explained that she went to her scheduled appointment with Dr. Marvin anyway, and he advised her that, without surgical intervention, she could become paralyzed.

On May 11, 2023, the Board issued an order affirming the claim administrator's September 15, 2022, order which denied authorization for a referral to Dr. Marvin. The Board found that the evidence did not support a finding that Dr. Marvin was in the claim administrator's network and Ms. Brownell did not meet the requirements to be approved to see an out-of-network provider. Ms. Brownell now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Brownell argues that she developed her current spinal symptoms due to her compensable injury and the L4-L5 transforaminal lumbar interbody fusion and posterior lumbar interbody fusion is related to the treatment of her compensable injury. Ms. Brownell further argues that her treating physician left the country for an extended period of time and that she should be permitted to see another surgeon who could perform the surgery that she requires. We agree.

Here, the Board found that Ms. Brownell failed to establish that she was entitled to a referral to Dr. Marvin, that the consultation request was pre-authorized, that Dr. Marvin is in the insurance carrier's network, or that her situation qualified as an exception that would allow her to access an out-of-network consultation.

Upon review, we conclude that the Board was clearly wrong in finding that Dr. Marvin was out of the claim administrator's network without providing Ms. Brownell the opportunity to submit evidence regarding this issue. We note that, although GVH argued below that Dr. Marvin is not an in-network provider for its workers' compensation insurance carrier, no actual evidence establishing Dr. Marvin's out-of-network status was submitted to the Board. Thus, the Board's order does not contain any finding of fact to support its conclusion on this point. Further, it is important to note that Ms. Brownell was not given proper notice that Dr. Marvin's network status would be at issue in the claim as it appears that the first time this allegation was made below was in GVH's closing argument before the Board.[2]

Additionally, if the Board determines, after the consideration of sufficient evidence, that Dr. Marvin is out of network for GVH's workers' compensation insurance carrier, we find that Ms. Brownell is not precluded from seeking authorization of her spinal surgery from an in-network surgeon.

We find GVH's argument that Ms. Brownell is requesting authorization for treatment of a noncompensable condition to be unpersuasive. We find that Ms. Brownell's compensable injury at L4-L5 is the same injury that was found compensable by the OOJ in its 2016 order, and that injury has simply worsened over time. Similarly, we find GVH's argument that Ms. Brownell did not seek pre-authorization prior to her appointment with Dr. Marvin unpersuasive. The record establishes that Ms. Brownell did request

_____

[2] We note that GVH does not make this argument in its brief submitted before this Court.

authorization for an appointment with Dr. Marvin on August 11, 2022, well before her appointment on December 8, 2022. It was this very request for a one-time consultation that was denied by the claim administrator's order dated August 19, 2022, which is at issue in this appeal.

Accordingly, we reverse the Board's May 11, 2023, order and remand to the Board for further evidentiary development on the issue of Dr. Marvin's status within the insurance carrier's network.

Reversed and remanded.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen


Judge Thomas E. Scarr, not participating.

5